IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LISA WHITEHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-02548-STA-dkv |
| | ) | |
| COMCAST CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
TO COMPEL ARBITRATION AND DISMISS COMPLAINT
AND
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH**
_____

Before the Court is the United States Magistrate Judge's Report and Recommendation that Defendant's motion to compel arbitration and dismiss the complaint (ECF No. 13) be granted. Chief Magistrate Judge Diane K. Vescovo submitted her Report and Recommendation on November 27, 2015. (ECF No. 21.) Plaintiff filed objections (ECF No. 22); Defendant filed a response to the objections (ECF No. 23); and Plaintiff filed a response to Defendant's response. (ECF No. 24.) Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the Report. Defendant's motion is **GRANTED**. Plaintiff's motion asking that the case not be compelled to arbitrate (ECF No. 17) is **DENIED**.

This is an employment discrimination action brought pursuant to Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e et seq., in which Plaintiff alleges that Defendant discriminated against her on the basis of her race and sex and retaliated against her when it

terminated her employment. Chief Magistrate Judge Vescovo determined that Plaintiff's claims were subject to the arbitration provision contained in her employment contract. In making that determination, she applied Tennessee law and found that a valid, enforceable contract to arbitrate existed between the parties and that all of Plaintiff's claims were covered by the arbitration agreement. (R&R p. 7, ECF No. 21.) Thus, Chief Magistrate Judge Vescovo recommended that the motion to compel arbitration be granted and that Plaintiff's lawsuit be dismissed without prejudice or, in the alternative, stayed.

Plaintiff has presented no facts or law to show that the Report and Recommendation should not be adopted. Instead, she merely argues that a discrimination claim is not subject to arbitration. (ECF Nos. 22, 24.) However, as noted by Chief Magistrate Judge Vescovo, Title VII discrimination and retaliation claims are subject to arbitration.[1] Therefore, the Report and Recommendation is **ADOPTED**.

The Federal Arbitration Act[2] directs the Court to stay an action pending arbitration; however, when all claims are within the scope of an arbitration agreement, as in the present case, and "there is 'nothing left for the district court to do but execute judgment,' dismissal [of the case] is appropriate."[3] The Court concludes that dismissal of Plaintiff's Complaint is the

---

[1] *See, e.g., EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 462 (6th Cir. 1999) (recognizing that a plaintiff in employment discrimination case waives her right to pursue a private cause of action by agreeing to arbitrate); *Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305, 310 (6th Cir. 1991) (holding that claims arising under Title VII are subject to arbitration); *Terry v. Labor Ready, Inc.*, No. 02-1034, 2002 WL 1477213, at *3 (W.D. Tenn. July 2, 2002).

[2] 9 U.S.C. § 2.

[3] *Ewers v. Genuine Motor Cars, Inc.*, 2008 WL 755268, at *7 (N.D. Ohio Mar. 19, 2008) (quoting *Arnold v. Arnold*, 920 F.2d 1269 (6th Cir. 1990)). *See also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001) (concluding "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable"); *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000); *Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 156 &

appropriate remedy because all of Plaintiff's claims are arbitrable and no purpose would be served by retaining jurisdiction and staying the action. Accordingly, Defendant's motion to compel arbitration and dismiss complaint is **GRANTED**.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).[4] Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit.[5] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals.[6]

The good faith standard is an objective one.[7] The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. It would be inconsistent for a district court to determine that a complaint should be dismissed but

---

n. 21 (1st Cir. 1998); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Gassner v. Jay Wolfe Toyota*, 2007 WL 1452240, at *3 (E.D. Mo. May 15, 2007) (When "all issues in a case must be submitted to arbitration, it serves no purpose to retain jurisdiction and stay an action.").

[4] *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999).

[5] Fed. R. App. P. 24(a)(1).

[6] Fed. R. App. P. 24(a)(4)-(5).

[7] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

has sufficient merit to support an appeal *in forma pauperis*.[8] The same considerations that lead the court to compel arbitration and dismiss this case also lead to the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[9]

IT IS SO ORDERED.

                                           **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           UNITED STATES DISTRICT JUDGE

                                         Date: January 27, 2016.

---

[8] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

[9] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this court copies of documents intended for filing in the Sixth Circuit.